# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| JOAN BOYD, | § |
| | § |
|      **Plaintiff,** | § |
| VS. | § |
| | § |
| BAYER CORPORATION, | § |
| BAYER CORPORATE AND BUSINESS | §   CIVIL ACTION NO. H-04-4297 |
| SERVICES LLC, | § |
| and | § |
| BAYER CORPORATION DISABILITY | § |
| PLAN, | § |
| | § |
|      **Defendants.** | § |

## MEMORANDUM AND ORDER

Pending before the Court are Defendants' motion for summary judgment and Plaintiff's counter-motion for summary judgment. After reviewing the parties' filings and the applicable law, the Court finds that Defendants' motion, Docket No. 16, should be and hereby is **GRANTED** and that Plaintiff's counter-motion, Docket No. 22, should be and hereby is **DENIED**. Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Defendants (collectively, "Bayer") are the sponsor and administrators of an ERISA employee welfare benefit plan (the "Plan"), which provides long-term disability (LTD) benefits to employees who are totally disabled. The Plan defines "total disability" as an employee's inability to earn at least 70% of his or her pre-disability income by working at any job for which he or she is or could become

qualified.  Under the terms of the Plan, LTD benefits may be reduced by the amount of any other income that the employee receives as a result of the disability, such as Social Security benefits.  The Plan requires an employee receiving LTD benefits to provide Bayer with periodic proof of continuing disability.

Plaintiff was employed by Bayer from 1975 until 1997.  In late 1996, she suffered a back injury and was diagnosed with clinical radiculopathy.  She began receiving LTD benefits in 1997.[1]  With the help of Bayer's claim administrator, she later applied for and was awarded Social Security disability benefits.  Her LTD benefits were then reduced by the amount of the Social Security award.

Over the next several years, the claim administrator obtained periodic updates from Plaintiff's doctors to confirm Plaintiff's ongoing total disability.  Plaintiff's neurologist, Dr. James D. Weiss, has consistently found Plaintiff to be totally disabled. In 2003, however, upon learning that Plaintiff had not been examined by Dr. Weiss for several months, the claim administrator requested a peer review of Plaintiff's medical records.  The reviewer, Dr. David Wald, a physical medicine and rehabilitation specialist, concluded that "there is a lack of objective examination findings available to support precluding work from [Plaintiff's] own occupation."  (Defs.' Mot. for Summ. J., Ex. A, Part 3, at 34 (Bay-Boyd 0798).)  Accordingly, on May 8, 2003, the claim administrator notified Plaintiff that her benefits would be discontinued effective May 31, 2003.

Plaintiff appealed the benefits termination decision, providing Bayer with a supplemental statement from Dr. Weiss.  The administrator submitted that supplemental statement, along with the rest of Plaintiff's file, to a second peer review, this one

---

[1] The decision to award Plaintiff LTD benefits effective November 1, 1996 was actually made in August 1997.

conducted by Dr. Martin Mendelssohn, an orthopedic surgeon.  Dr. Mendelssohn, like Dr. Wald, concluded that the available medical documentation did not support a finding of continued total disability.  (*Id.*, Ex. A, Part 4, at 7 (Bay-Boyd 0957).)  Bayer's ERISA Review Committee (the "Committee") then requested an independent medical record review by Dr. Michael J. Platto, a physical medicine and rehabilitation specialist.  Dr. Platto also found that Plaintiff was not totally disabled.  (*Id.*, Ex. A, Part 2, at 16 (Bay-Boyd 0188).)  The Committee also obtained an Employability Assessment Report, which identified two available positions in Plaintiff's geographic area that Plaintiff could perform and in which she could earn at least 70% of her pre-disability income.  (*Id.*, Ex. A, Part 2, at 20 (Bay-Boyd 0193).)

On August 25, 2003, the Committee denied Plaintiff's appeal.  Plaintiff then filed the instant suit, pursuant to 29 U.S.C. § 1132(a)(1)(B).  Defendants now move for summary judgment on the ground that Plaintiff cannot demonstrate that Bayer's benefits termination decision was arbitrary and capricious.  Plaintiff has filed a counter-motion for summary judgment on the ground that the summary judgment evidence proves that Bayer abused its discretion in terminating her LTD benefits.

## II.    ANALYSIS

### A.    Standards of Review

#### 1.    Summary judgment standard.

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c).  "Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter

of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892

(2001) (internal quotation marks and citation omitted).  A genuine issue of material fact

exists "if the evidence is such that a reasonable jury could enter a verdict for the non-

moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

This Court must view all evidence in the light most favorable to the non-moving party

and draw all reasonable inferences in that party's favor.  *Id.*

### 2.    Standard of ERISA review of denial of benefits.

"[A] denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be

reviewed under a *de novo* standard unless the benefit plan gives the administrator or

fiduciary discretionary authority to determine eligibility for benefits or to construe the

terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  If

the administrator or fiduciary possesses such discretion, courts apply an abuse of

discretion standard.  *Id.*  The abuse of discretion standard is sometimes referred to as an

"arbitrary and capricious" standard.  *Aboul-Fetouh v. Employee Benefits Comm.*, 245

F.3d 465, 472 (5th Cir. 2001).  The parties agree that Bayer possesses the requisite

discretion and, therefore, that the abuse of discretion standard applies in this case.

If an administrator or fiduciary is operating under a conflict of interest, "that

conflict must be weighed as a factor in determining whether there is an abuse of

discretion." *Bruch*, 489 U.S. at 115 (internal quotation marks and brackets omitted).  The

Fifth Circuit weighs such a conflict by applying a "sliding scale" standard, under which

"the fiduciary decision will be entitled to some deference, but this deference will be

lessened to the degree necessary to neutralize any untoward influence resulting from the

conflict." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 296 (5th Cir. 1999); *see also*

*Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001).[2]   The

Fifth Circuit has held that the plan beneficiary bears the burden of producing evidence of

a conflict:

> [W]e will not read into *Vega* a presumption that a conflict exists *ipso facto*
> merely because the plan fiduciary both insures the plan and administers it.
> . . . That an ERISA plaintiff must come forward with evidence that a
> conflict exists – and that any reduction in the degree of our deference
> depends on such evidence – belies any duty on our part to make such an
> assumption.

*Ellis*, 394 F.3d at 270 n.18 (internal citation omitted).

Even when evaluating the decision of a conflicted administrator or fiduciary, a

court may not engage in independent fact-finding; judicial review is, in most cases,

limited to the administrative record:

> Once the administrative record has been determined, the district court may
> not stray from it but for certain limited exceptions, such as the admission
> of evidence related to how an administrator has interpreted terms of the
> plan in other instances, and evidence, including expert opinion, that assists
> the district court in understanding the medical terminology or practice
> related to a claim.

*Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 521 (5th Cir. 2000).  Neither

of the exceptions described by the *Bratton* court applies here.  "As a result, a district

court must inquire only whether the 'record adequately supports the administrator's

decision'; from that inquiry it can conclude that the administrator abused its discretion if

---

[2] Bayer argues that the applicable test is not the abuse of discretion standard – with or without the sliding scale – but rather the two-step evaluation process outlined by the Fifth Circuit in *Aboul-Fatouh*, 245 F.3d 465.  As Plaintiff points out, however, the *Aboul-Fatouh* test is appropriate only where the administrator's *interpretation of the plan* is at issue.  Here, Plaintiff has not alleged that the administrator improperly defined "total disability" or any other term or provision of the Plan; rather, she contends that the administrator improperly applied the terms of the Plan to Plaintiff's claim.  Thus, the abuse of discretion standard applies.

the administrator denied the claim 'without some concrete evidence in the administrative record.'"   *Gooden*, 250 F.3d at 333 (brackets omitted) (quoting *Vega*, 188 F.3d at 298, 302).

> The law requires only that substantial evidence support a plan fiduciary's decisions, including those to deny or to terminate benefits . . . . Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262 (5th Cir. 2004) (quoting *Deters v. Secretary of Health, Educ. & Welfare*, 789 F.2d 1181, 1185 (5th Cir. 1986)).

### B.    The Benefits Termination Decision

In the instant case, Plaintiff argues that Bayer is operating under a conflict of interest evidenced by its dual role as insurer and administrator of the plan.   (*See* Pl.'s Resp. to Defs.' Mot. for Summ. J. at 13-14.)   As noted above, however, a finding of conflict cannot be based solely upon this type of evidence.   *See Ellis*, 394 F.3d at 270 n.18.  Plaintiff also contends, therefore, that Bayer demonstrated its conflict of interest by terminating her benefits after supporting her application for Social Security disability benefits, by refusing to accept new evidence of her disability after denying her appeal, and by relying in bad faith upon "trivial evidence."  (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 14.)  The Court addresses each argument in turn.

First, it is true that several federal courts have held that a plan administrator that requires a disabled employee to apply for Social Security benefits is estopped from later denying plan benefits to that employee, if the Social Security Administration determines that the employee is disabled.  *See Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516, 529 (6th Cir. 2003); *Regula v. Delta Family-Care Disability*, 266 F.3d 1130, 1139 (9th Cir.

2001); *Ladd v. ITT Corp.*, 148 F.3d 753, 755-56 (7th Cir. 1998).  These decisions were based, however, upon the "treating physician rule," which provided that opinions by a plan beneficiary's treating physician should be given more weight than opinions from other sources. *Nichols v. Unum Life Ins. Co.*, No. 3:04-CV-146, 2005 WL 1669338, *10 (S.D. Ohio July 18, 2005).  The Supreme Court has since rejected that rule.  *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 830-31 (2003) ("Nothing in [ERISA] . . . suggests that plan administrators must accord special deference to the opinions of treating physicians.   Nor does the Act impose a heightened burden of explanation on administrators when they reject a treating physician's opinion.").  The Fifth Circuit has, of course, followed suit. *See Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 233 (5th Cir. 2004).  Because its underlying rationale is no longer valid, therefore, Plaintiff's estoppel argument is unpersuasive.

Second, Plaintiff is correct that an ERISA beneficiary is entitled to add evidence to the administrative record "simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it." *Bratton*, 215 F.3d at 521 n.5.  In this case, however, Plaintiff did not submit the additional evidence until eight months after the conclusion of her appeal.   The administrator did not, therefore, have an opportunity to consider the evidence before rendering a decision.  Moreover, the evidence pertained not to Plaintiff's condition at the time of the decision to terminate her LTD benefits but to Plaintiff's condition at the time that the evidence was compiled, months later.  Because, then, the evidence was both untimely and irrelevant, Bayer had no duty to consider it or to add it to the administrative record.  Moreover, even if Plaintiff could demonstrate that Bayer was obligated to consider the additional evidence, that showing

would do nothing to prove that Bayer had a conflict of interest; *i.e.*, that the denial of benefits benefited Bayer financially.

Finally, Plaintiff states, without explanation, that Bayer's conflict of interest is demonstrated by its "bad faith reliance on trivial evidence." (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 14.) As with the previous argument, this contention is irrelevant to the question whether Bayer operated under a conflict of interest in terminating her benefits. Moreover, it is wholly unsupported by evidence or argument. The Court thus finds it unpersuasive.

Because Plaintiff has not proven a conflict of interest, the Court reviews Bayer's benefits termination decision for an abuse of discretion. The decision was based upon not one but two peer reviews, an independent medical record review, and an employability assessment report. It was affirmed on administrative appeal. When Plaintiff sought to present additional evidence, months after the conclusion of that appeal, Bayer informed her that it would consider any relevant evidence that she submitted. Instead of availing herself of this opportunity to provide evidence relating to her condition at the time of the termination decision, Plaintiff filed suit in this Court. Her claim is based almost exclusively upon the findings of Dr. Weiss, whose opinions – though persuasive – do not render the opinions of the three physicians who disagree with him "trivial." On the contrary, the Court finds that those opinions constituted substantial evidence supporting Bayer's decision. Defendants' motion for summary judgment is therefore **GRANTED**, Plaintiff's counter-motion for summary judgment is **DENIED**, and Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of January, 2006.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**